Smith, J.
The only question argued to us was, whether the action, the judgment in which it is sought by this proceeding in error to reverse, was barred by the statute of limitations (Sec. 6097 R. S.), which provides that where a claim against the estate of a deceased person is exhibited to the executor or administrator of such estate, and is rejected by him, that suit must be brought thereon (if the claim be due) within six months from such rejection, or the action thereon be forever barred, when taken in connection with Sec. 4991, which provides that if in any action commenced in due time, * * * the plaintiff fail otherwise than upon the merits, and the time limited for.the commencement of such action has, at the date of such failure, expired, the plaintiff may commence a new action within one year after such date.
The petition in this case was filed March 9, 1889. It was brought by Moore against the administrator of the estate of MacDonald, and alleged that he had made due presentation of the claim sued on, to such administrator, in January, 1886, who, on January 18, 1886, rejected it, and that on March 25, 1886, the plaintiff brought a suit thereon in the U. S. Circuit Court of this circuit, to recover the amount due on such claim, which action on the 24th day of January, 1889, was dismissed by said court for want of jurisdiction of the subject matter, and that the plaintiff failed therein otherwise than upon the merits. He then states the amount he claims to be due to him thereon, and asks a judgment therefor.
The answer of the defendant, in one paragraph thereof, admits the presentation and rejection of the claim as stated in the petition, but denies all of the other allegations therein contained. In another paragraph he avers that the *33 account sued on was rejected by him more than six ««oaths prior to the filing of the petition in this case. And he denies that any action was brought upon said account for the collection thereof in the Circuit Court of the United States within six months from the rejection of said account, or at any time. That the claim by him rejected was for the amount due from MacDonald to him, as a balance after closing up all the business of the firm in which the two were partners. That the action in the U. S. Court was based upon the idea that the partnership business was not all settled, and was for an account and a finding of the balance due, and that this bill was dismissed on the ground that the plaintiff had an adequate remedy at law. There were other allegations in the answer not necessary to state.
It is apparent that one of the main questions in the case was, whether this action in the U.. S. Court was substantially an action on the rejected account, and when this was dismissed in the way it was, plaintiff under the -statute had a right to bring this action within one year from its dismissal, On the trial the record of this case in the U. S, Court was introduced by the court without objection, and there being nothing to dispute it disclosed in evidence, the question of its effect as to this question was for the decision of the court; and this was asked for by the-defendant’s counsel when at the conclusion of the evidence offered by plaintiff in chief, he moved the court “to arrest the case from the jury and to direct a verdict for the defendant, on the ground that there is no testimony that the case is brought within the exception of the statute of limitations, it appearing upon the face of the petition that the case is barred unless brought within the exception, and that the testimony is conclusive proof that the case is barred by the statute of limitations.’’ This motion the court overruled, and exception was taken.
We incline strongly to the opinion that the point thus *34 sought to be raised as to the effect of this record, or by the motion for a new trial based on the ground that the verdict was against the evidence, is not properly before us for decision, for this reason: It is manifest from the bill itself that all of the evidence which was submitted to the trial court and the jury is not before us, though it is certified in the bill that such is the case; and if this is so, it is clear that the ruling of the court refusing to grant the non-suit or to sustain the motion for a new trial on the ground named will not be disturbed by the reviewing court. This as to the non-suit is directly held in 17 Ohio 439, and as to the overruling of the motion for a new trial the cases are abundant.
That we do not have all the evidence submitted to the trial court is apparent. Four enormous books containing the accounts of the members of the firm, and its transactions with others, were before the jury. They are not attached to the bill, or identified in any way, but in the bill is this statement: “It is agreed bj' counsel that the original books of account of Robert Moore & Co., used in evidence in this case and referred to in this bill of exceptions, may be referred to and used in the upper courts without being attached to the bill. ” While we are disposed to go very far in carrying out the agreement of counsel in such matters, we greatly doubt whether this stipulation is sufficient to identify the books, or to show what parts of them were introduced in evidence. But in addition to this defect, several papers offered, and which are referred to as Exhibits “D”, “E”, and “F”, (pages41-62 and 63 of the bill) are not attached, and statements of accounts offered on pages 119 and 133 are also absent, as well as a lot of papers numbered from 21 to 23 inclusive. And there is nothing to show what they contained.
Was the question otherwise presented ? The court was requested by counsel for defendant below to give to the jury *35 certain special charges, all of which were refused. We are of opinion that the court was justified in refusing the whole of them as not being correct in every particular, unless No. 8 be an exception. By it the court was asked to say to the jury that “unless you find that this plaintiff, did within six months from the date of the rejection of said claim by said administrator, bring a suit upon the account which had been, presented to the administrator, and by him rejected, your verdict must be for the defendant.’’
We see no objection to this charge asked for, for any reason other than this — that it seems tobe an abstract statement of law, not applicable to the questions arising on the pleadings and evidence why it should not have been given. It was an admitted fact that the claim was rejected, in January, 1886, and that the present suit had not been brought until March 1889, three years after the rejection of the account, and if no suit had been commenced upon it within six months, the claim was barred. But the real issue was on this point, whether the suit in the U. S. Court was on the rejected account.
■ If it was, the action under the circumstances disclosed in evidence would not be barred. The court in construing the record of that case presented in evidence- had decided that the two actions were substantially the same, there being no conflict of evidence as to the facts stated in the record, it being binding and conclusive on both of the parties; and without going into the case at length, or referring to the multitude of cases cited by counsel in their arguments and briefs, we will say that our construction of the record also is, that the first action, that in the U. S. Court, was substantially on the same claims sued on in this action, and that case having been disposed of and dismissed otherwise than upon the merits, this action brought within ons year after such dismissal was not barred by the statute, and that the charge referred to, while it stated an abstract *36 principle of law, which might have been given to the jury with proper statements as to the suit in the U. S. Court having been one which prevented the running of the statute, we are of the opinion that the refusal to so charge was not prejudicial, for the evidence showed' conclusively, if our opinion is correct, that the suits were the same, the first one being brought on the equity side of the court, to settle the partnership accounts between the parties, and to obtain a decree as for a balance due by the defendant to the plaintiff, for precicely the same debt as was sought to be recovered in the last case, in an action on an account; and a mere technical error, even if one was committed, under such circumstances should not operate to the reversal of a judgment which, so far as this question is concerned, was right on the undisputed facts of the case. The judgment will be affirmed.
John J. Glidden and H. L. Burgoyne, attorneys for plaintiffs.
Judge Fayette Smith & Martin, and Lincoln, Stephens & Lincoln, contra.
(Judgment affirmed by Supreme Court without report, June 12, 1891. 31 Weekly Law Bulletin, 367.)